IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CASEY LEE HOEY, | ) | |
|---|---|---|
| | ) | Civil Action No. 08 - 331 |
| Petitioner, | ) | |
| | ) | Judge Gary L. Lancaster / |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| DISTRICT ATTORNEY STEVEN TOPRANI, PAUL POZONSKY, Trial Court Judge; JOHN C. PETTIT, Former District Attorney/And Appellee; PA. SUPREME COURT; and PA. SUPERIOR COURT; | ) ) ) ) ) | |
| | ) | |
| Respondents. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

It is respectfully recommended that the Petition for an Extraordinary Writ of Mandamus be denied for failure to state a basis upon which mandamus relief can be granted.

**II.     REPORT**

Plaintiff is a prisoner currently incarcerated at the State Correctional Institution at Fayette, Pennsylvania.  He has filed a Petition for an Extraordinary Writ of Mandamus seeking the mandatory dismissal of his criminal charges as well as release from custody.   For the reasons that follow, the Petition for an Extraordinary Writ of Mandamus must be denied.

In this action, Plaintiff seeks a writ of mandamus to force the Pennsylvania courts to review his conviction for Murder in the First Degree.  In this regard, on March 26, 2003, Petitioner pleaded guilty to murder in the first degree in connection with the killing of Shannon Perry on or about April 11, 2002 (See doc. no. 1-2, p.33).  On that date, Petitioner beat the victim with a tire iron, stabbed her with a knife and stole her personal property.  Petitioner pleaded guilty on March 26, 2003 and received the mandatory sentence of life imprisonment.  No direct appeal was filed.

On October 26, 2006, Petitioner filed a *pro se* petition under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. §§ 9541 et. seq. Appointed counsel filed a "no-merit" letter asserting that Petitioner's PCRA Petition was untimely filed under 42 Pa. Cons. Stat. § 9545(b). The PCRA Court agreed and the Petition was dismissed as untimely. No appeal was filed. On April 17, 2007 and April 20, 2007, in the Court of Common Pleas of Washington County, Petitioner filed petitions for writ of habeas corpus. These petitions were deemed to be PCRA petitions and were dismissed as untimely. This ruling was upheld on appeal by the Superior Court of Pennsylvania (doc. no. 1-2. pp. 32-45).

Now in this Court, Petitioner seeks a writ of mandamus to require the Commonwealth to dismiss his criminal charges and release him from prison. He bases his request on, among other things, the unavailability of review of his conviction through the PCRA due to the one-year time limitation. "The traditional use of the writ in aid of appellate jurisdiction both at common law and in the federal courts has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Roche v. Evaporated Milk Assn., 319 U.S. 21, 26 (1943). The remedy of mandamus is reserved for the most "extraordinary situations." DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir.1982). In order to ensure that mandamus is sparingly granted, a petitioner seeking a writ of mandamus must demonstrate that no other adequate means are available to obtain the desired relief and that the right to issuance of the writ is "clear and indisputable." Mallard v. United States Dist. Court for Southern Dist. of Iowa, 490 U.S. 296, 309 (1989).

Here, there is no duty for the Pennsylvania courts to hear Petitioner's claims concerning his conviction. Nor is there any basis for this Court to review Petitioner's claims as they

2

are time-barred under the federal habeas statute as well. See 28 U.S.C. § 2244(d). Petitioner did not seek review of his conviction on direct appeal. Nor did he seek post-conviction review until after the one-year limitation in the PCRA had run. The Supreme Court of Pennsylvania specifically has rejected a constitutional attack on the PCRA time restrictions on due process grounds. *See* Commonwealth v. Peterkin, 554 Pa. 547, 558, 722 A.2d 638, 643 (1998). Petitioner could have sought review on direct appeal or through a timely filed PCRA Petition. The fact that he did not do so does not entitle him to mandamus relief.

**III.      CONCLUSION**

For the reasons discussed above, it is respectfully recommended that the Petition for Extraordinary Writ of Mandamus be denied for failure to state a basis upon which mandamus relief can be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                       Lisa Pupo Lenihan

April 2, 2008                                               United States Magistrate Judge

cc:    Casey Lee Hoey
        FH - 5454
        SCI Fayette
        P.O. Box 9999
        LaBelle, PA  15450